UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDY MOSS and MARY ROGERS, Individually and on behalf of others similarly situated<br>*Plaintiffs*,<br><br>*vs.*<br><br>PUTNAM COUNTY HOSPITAL,<br>*Defendant.* | )<br>)<br>)<br>)  2:10-cv-00028-JMS-WGH<br>)<br>)<br>)<br>)<br>) |

### Order Certifying Collective Action

**I.     Background**

Before the Court is Plaintiffs Motion to Certify Collective Action Status. [Dkt. 21.][1] The matter is fully briefed. The named Plaintiffs in this case are employees of Putnam County Hospital ("PCH") who complain of two specific overtime pay practices or policies of PCH.[2]

First, Plaintiffs challenge PCH's "long-standing policy, practice and custom of deducting thirty (30) minutes per day from each hourly-paid employee's time card." [Dkt. 22 at 2.] The thirty-minute deduction is meant to account for a meal break. [*Id.*] But Plaintiffs claim they are often required to work through their meals because PCH also has a policy that prohibits taking a meal break if there is no staff to cover for the employee hoping to take a break. [*Id.*] PCH staffing practices often result in no available coverage, and thus no meal, according to Plaintiffs. [*Id.*]

---

[1] Also, before the Court is Plaintiff's motion for hearing on the motion to certify. Because the parties' briefs and papers adequately inform the Court, the motion for hearing [dkt. 49] is hereby **DENIED**.

[2] Plaintiff also originally challenged PCH's practice of requiring prior authorization for overtime, but appears to have withdrawn that claim in its reply. "In light of PCH's objection, Moss and Rogers are willing to bifurcate their individual "off the clock" claims from the collective action covering the *other two theories*." (emphasis added) [Dkt. 48 at 16.]

The second practice is a bit less straightforward, and relates to the method by which Plaintiffs are compensated pursuant to a Memorandum of Understanding ("MOU") they have executed with PCH concerning overtime calculations. [Dkt. 36 at 2.] The MOU calls for overtime to be calculated on a fourteen-day schedule as opposed to the standard seven-day basis. [*Id.*] A fourteen-day schedule would be legal under the Fair Labor Standards Act ("FLSA") if an employee were compensated for hours worked in excess of eight in a given day. 29 U.S.C. § 207(j). Essentially Plaintiffs contend that PCH is seeking to create an impermissible hybrid system of overtime payment where it calculates overtime on a fourteen-day work week, but does not pay overtime for hours worked in excess of eight in a day. [Dkt. 36 at 3-4.] Both named Plaintiffs executed the same Memorandum of Understanding. [Dkt. 36-1, 36-2.][3]

PCH responds by acknowledging both policies, but denying overtime violations nonetheless. [Dkt. 46 at 2-3.] PCH says its policies allow employees to overwrite meal break time if they have to work. [*Id.*] PCH acknowledges that the MOU governs certain classes of employees, but asserts that Plaintiffs are mischaracterizing the application of the MOU. [*Id.*, dkt. 46-1 at 2-3.] PCH also challenges whether Plaintiffs have made the requisite showing that they are similarly situated to the class they proposed:

> Current and former hourly-paid employees of Putnam County Hospital who currently work or previously worked for Putnam County Hospital at any time from January 26, 2007 until the present, and who were not paid for all time worked and/or were not paid overtime wages for work in excess of eight (8) hours per day and eighty (80) hours per fourteen (14) day pay period.

[Dkt. 46 at 4-6, 23 at 1-2.]

---

[3] This claim has evolved somewhat based on documents provided by Defendants to Plaintiffs' counsel. Originally Plaintiffs asserted a claim under the PCH employee handbook, but they have revised that argument in light of the MOU production. [Dkt. 36, Supplemental Memorandum.]

## II. Collective Action Certification

The FLSA provides that an action for unpaid overtime compensation may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Such a collective action differs significantly from a Rule 23 class action.  Potential class members in a collective action join the class by opting in, while in a Rule 23 action they are automatically included unless they opt out.  *Carter v. Indianapolis Power and Light Co*., 2003 U.S. Dist. LEXIS 23398, 2003 WL 23142183, at *2 (S.D. Ind. Dec. 23, 2003) (emphasis in original); *see also Coan v. Nightingale Home Healthcare, Inc*., 2005 U.S. Dist. LEXIS 15475, 2005 WL 1799454, at *1 (S.D. Ind. June 29, 2005) (citing *Hoffmann-LaRoche Inc. v. Sperling,* 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)); *Champneys v. Ferguson Enterprises, Inc.,* 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219, at *3 (S.D. Ind. March 11, 2003).  Thus, Rule 23 and its standards governing class certification do not apply to a FLSA collective action.

In deciding whether an FLSA action may proceed as a collective action, a two-step process is followed.  "The first step, or the 'notice stage,' involves an analysis of the pleadings and affidavits which have been submitted to determine whether notice should be given to potential class members."  *Carter,* 2003 U.S. Dist. LEXIS 23398, 2003 WL 23142183, at *3.  "The second step, which usually occurs after discovery has largely been completed, allows a court the opportunity to determine whether the class should be decertified or restricted because various putative class members are not in fact similarly situated as required by the statute."  *Id.; see also Champneys,* 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219, at *5 (citing *Moss v. Crawford & Co*., 201 F.R.D. 398, 409 (W.D. Pa. 2000)).  Here, at the initial "notice stage", "[P]laintiff's burden is not to prove his entire case."  *Champneys,* 2003 U.S. Dist. LEXIS 4589,

2003 WL 1562219, at *6. Instead, the plaintiff need only make a threshold showing that he is similarly situated to the employees on whose behalf he seeks to pursue his claim. *Coan,* 2005 U.S. Dist. LEXIS 15475, 2005 WL 1799454, at *1.

In support of their motion, Plaintiffs have submitted sworn affidavits, the MOUs, payroll records and internal correspondence of PCH[4], and admissions by PCH of the systemic meal policy as well as the systemic use of the MOUs to support their claims. [Dkts. 22-2, 22-3, 36-1, 36-2, 48-1, 48-2, 48-3, 48-4, 48-5, 48-6, 48-7, 48-8, 48-9.] Plaintiffs contend that these documents support a claim that they are similarly situated with individuals in the proposed class. [Dkt. 48 at 6-8.] The Court finds, at this "notice stage," that Plaintiffs have met their "threshold showing that [they are] similarly situated to [certain] employees on whose behalf [they are] seeking to pursue this claim." *Champneys,* 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219, at *4 (citing *Severtson v. Phillips Bev. Co.,* 137 F.R.D. 264, 267 (D. Minn. 1991) ("To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist.")). Accordingly, the court **GRANTS** Plaintiff's Motion to Certify Collective Action Status.

However, the Court further finds that Plaintiffs have reached too far with their proposed class definition. The evidence in this case establishes that PCH compensates for overtime under various schemes, only one of which – the MOU – implicates Plaintiffs. [Dkt. 46-1.] Accordingly the Court will conditionally certify the class as follows:

> Current and former hourly-paid employees of Putnam County Hospital who currently work or previously worked for Putnam County Hospital at any time from January 26, 2007 until the present, who signed a "Memorandum of Understanding for Overtime Pay" during that time period, and who were not paid for all time worked and/or were not paid overtime wages for work in excess of eight (8) hours per day and eighty (80) hours per fourteen (14) day pay period.

---

[4]The emails acknowledge certain overtime problems with the meal break policy.

Because the Court has found the class definition proposed by Plaintiffs to be overly broad, Plaintiffs' Motion for Approval of FLSA Collective Action Notice [dkt. 23] is hereby **DENIED.** Plaintiff shall submit a revised proposed notice by July 28, 2010. Defendant shall file any objection thereto by August 9, 2010. Any reply is due on August 13, 2010. Additionally, the parties shall meet and confer within **fifteen days** to address identifying information of the putative class members, so that notice can be effectuated. The parties shall report to the Court if they cannot reach an agreement about the scope of information to be exchanged.

Finally, two individuals have filed a Notice of Consent in the case. [Dkt 35, 37.] The Court is uncertain whether those individuals meet the definition of the class as now determined by the Court. Plaintiffs shall file a report to the Court no later than July 28, 2010 as to the status of those individuals.

07/21/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Caitlin M King
HUNT, HASSLER & LORENZ
king@huntlawfirm.net

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com